[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 7, 2005
THOMAS K. KAHN
CLERK

No. 04-14257
Non-Argument Calendar

_____

D. C. Docket No. 04-00037-CR-ORL-19-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRISTAN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 7, 2005)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Tristan Smith appeals his six-month sentence for possession with intent to

distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2005). Smith argues on appeal that the district court committed reversible error when it refused to apply a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

## BACKGROUND

A grand jury returned a three-count indictment against Smith, charging him with: (i) conspiracy to possess five or more kilogram of cocaine, in violation of 21 U.S.C. § 846 (2005); (ii) possession of fifty kilograms or less of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(d) and 18 U.S.C. § 2; and possession and utterance of counterfeit currency with intent to defraud, in violation of 18 U.S.C. § 472. After Smith pled not guilty, his attorney repeatedly told the jury that Smith had accepted responsibility for his involvement in the marijuana, but had no involvement in the conduct charged in the other counts. The jury returned a verdict finding Smith guilty of the marijuana count, and not guilty of the cocaine and counterfeiting counts.

At sentencing, Smith objected to the pre-sentence investigation (PSI) report's recommendation that he be denied a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The district court denied the downward adjustment, finding that Smith had not made an unequivocal

demonstration of his acceptance of responsibility for the marijuana offense.

Specifically, the district court found that statements Smith's counsel made at trial

concerning the marijuana offense reflected only a tactical decision designed to

boost Smith's credibility, which neither amounted to a clear-cut admission of guilt

nor relieved the government of the expense of proving Smith's culpability on the

marijuana count. The district court also found that Smith's initial offer to plead

guilty to the marijuana charge in exchange for the government's agreement to drop

the remaining charges, properly construed, was a negotiation tactic rather than a

clear acceptance of responsibility. Without the downward adjustment[1], the

guidelines range stood at one to seven months, and the district court sentenced

Smith to six months' imprisonment and three years of supervised release.

STANDARD OF REVIEW

Following United States v. Booker, 125 S. Ct. 738 (2005), we review

sentences for unreasonableness, guided by the sentencing factors found at 18

U.S.C. § 3553(a). This standard permits review for reasonableness not only of the

ultimate length of the sentence, but also of legal errors in the method of the

---

[1]Separately, Smith objected to the PSI's recommendation of a firearms enhancement on the basis of Blakely v. Washington, 125 S.Ct. 2531 (2004), arguing that any facts relating to a firearm had not been tried before the jury or admitted by Smith. The district court sustained this objection and did not impose a firearm enhancement. Smith has raised no Booker-related challenge to the district court's sentence on appeal.

sentence's selection. See United States v. Crosby, 397 F.3d 103, 114-115 (2d. Cir. 2005); United States v. Webb, No. 03-6110, 2005 U.S. App. LEXIS 5420 at *21-22 (6th Cir. April 6, 2005).

## DISCUSSION

Though Booker excised the statutory provisions which made the sentencing guidelines mandatory and dictated de novo review of sentences on appeal, Booker left all other aspects of the sentencing guidelines in place. United States v. Shelton, 400 F.3d 1325, 1330 and n.9 (11th Cir. 2005). Those guidelines state that a reduction for acceptance of responsibility is appropriate where the defendant "clearly demonstrates acceptance of responsibility for his [or her] offense." U.S.S.G. § 3E1.1. The commentary to § 3E1.1 explains that because the sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility, his or her determination is entitled to deference on appeal. U.S.S.G. § 3E1.1, comment n. 5.

In this case, the district court found that Smith's pre-trial offer to plead guilty to the marijuana count in exchange for the government's agreement to drop the remaining counts was merely a negotiation tactic, not an admission of guilt, where Smith in fact never pled guilty. Similarly, the district court found that statements which Smith's counsel made at trial concerning Smith's involvement in

4

marijuana only reflected trial strategy and did not relieve the government of its burden of proof. The district court viewed these facts as insufficient to show the requisite clear demonstration of acceptance of responsibility under § 3E1.1. Under these circumstances, we cannot say that either the district court's reasoning or its ultimate decision to deny a § 3E1.1 adjustment was unreasonable, and we affirm Smith's sentence.

**AFFIRMED**.